1   BENJAMIN B. WAGNER
    United States Attorney
2   MATTHEW M. YELOVICH
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA  95814
4   Telephone:  (916) 554-2700
    Facsimile:   (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO. 2:15-MJ-00087 CKD

12                    Plaintiff,       STIPULATION AND [PROPOSED] PROTECTIVE
                                       ORDER
13           v.

14  CHEE YANG,

15                    Defendant.

16

17          WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain

18  sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this

19  matter, or to defendant CHEE YANG in this case as provided below;

20          WHEREAS, the sensitive but unclassified discovery materials at issue include information

21  pertaining to victims or potential victims in this case, including personal identifying information and

22  what the government has represented are access device numbers such as bank account numbers, credit

23  card numbers, etc.;

24          WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

25  private agreement is not appropriate in light of the nature of the information at issue and the charges in

26  this case; and

27          WHEREAS, the defendant has counsel ("Defense Counsel") who wishes to have the opportunity

28  to review the discovery;

Stipulation & [Proposed] Protective Order            1

1    Defendant CHEE YANG and plaintiff United States of America, by and through their counsel of

2  record, hereby agree and stipulate as follows:

3    1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

4  Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

5    2.    This Order pertains to all discovery provided to or made available to Defense Counsel

6  that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known

7  as "protected discovery").

8    3.    Defense Counsel shall not disclose any of the protected discovery to any person other

9  than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators,

10  involved in the representation of their respective client.  However, at no time shall defendant be

11  permitted to review the protected discovery outside of the presence of Defense Counsel or Defense

12  Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or

13  his/her designee shall not leave any of the protected discovery with defendant at any location.

14    4.    The protected discovery and information therein may only be used in connection with the

15  litigation of this case and for no other purpose.  The protected discovery is now and will forever remain

16  the property of the United States Government.  Defense Counsel will return the discovery to the

17  Government or certify that it has been shredded at the conclusion of the case, to include any appeal,

18  and/or collateral attack.

19    5.    Defense Counsel will store the discovery in a secure place, such as Defense Counsel's

20  private office, and will use reasonable care to ensure that it is not disclosed to third persons or their

21  respective client in violation of this agreement.

22    6.    If Defense Counsel releases custody of any of the discovery, or authorized copies thereof,

23  to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of

24  this Order and advise that person that the protected discovery is the property of the United States

25  Government, that the protected discovery and information therein may only be used in connection with

26  the litigation of this case and for no other purpose, and that an unauthorized use of the protected

27  discovery may constitute a violation of law and/or contempt of court.

28  ///

7.     In the event that defendant obtains substitute counsel, undersigned Defense Counsel agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8.     Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated:  May 14, 2015                          Respectfully submitted,


                                              BENJAMIN B. WAGNER
                                              United States Attorney

                                   By:   /s/  Matthew M. Yelovich
                                         MATTHEW M. YELOVICH
                                         Assistant U.S. Attorney


                                   By:   /s/ Matthew M. Scoble
                                         Matthew M. Scoble
                                         Counsel for CHEE YANG


**ORDER**

IT IS SO FOUND AND ORDERED.

DATED:  May 14, 2015.


                                         _____
                                         ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE

Stipulation & [Proposed] Protective Order          3